UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

_____
                              :
CHARLES WARD,                 :
                              : Civil Action No. 11-6252 (WJM)
    Plaintiff,                :
                              :
v.                            :        OPINION
                              :
OSCAR AVILES, et al.,         :
                              :
    Defendants.               :
                              :
_____

**APPEARANCES:**

**CHARLES WARD,** Plaintiff pro se
#249219
B3E
Hudson County Correctional Center
35 Hackensack Avenue
Kearny, N.J. 07032

**MICHAEL L. DERMODY,** Counsel for Defendants
Office of Hudson County Counsel
Administration Building Annex
567 Pavonia Avenue
Jersey City, N.J. 07306

**MARTINI**, District Judge

   Currently pending before this Court is a request for a temporary restraining order/preliminary injunction filed by Plaintiff Charles Ward ("Plaintiff"). (Docket Entry No. 8.) Plaintiff brings the underlying action to recover damages under 42 U.S.C. § 1983 for various issues related to his time at Hudson County Correctional Center. Plaintiff requests that the Court enter a temporary restraining order/preliminary injunction requiring Defendants to give him extra time in the law library.

For the reasons set forth below, the Court will deny Plaintiff's request for a preliminary injunction/temporary restraining order at this time.

**I.   BACKGROUND**

In Plaintiff's complaint, he alleges various issues relating to the conditions of confinement at the Hudson County Correctional Center. Specifically, he alleges that the law library is inadequate because they do not teach inmates how to properly use computers or conduct legal research. Further, there are not enough supplies and the copy machine is in need of repair. He also alleges that there is no grievance procedure at Hudson County Correctional Center and grievances often go unanswered. Plaintiff also states that handbooks containing the rules and regulations of the prison are often times not handed out to incoming prisoners.

Plaintiff further alleges that the air duct system in the prison facility is extremely dirty and in need of cleaning. He states that the temperature in the facility was very cold during the summer and some prisoners did not have adequate clothing for the temperature. Plaintiff states that there is no indoor recreation area, and outdoor recreation is limited to one hour per day and is often cancelled. Plaintiff also states that the food is often served below room temperature and there is not enough variety to the meals.

Plaintiff further alleges that there is no linen exchange and clothes and sheets are only able to be laundered three times per week. In addition, Plaintiff states that the inmates are not given utensils, cups, socks, or long-sleeved shirts for use in their cells. Plaintiff states that the items available for purchase at the commissary are sold at sometimes double their price. Finally, Plaintiff also alleges that there are no shelves or storage lockers or hooks in the cells.

After Defendants filed an answer to his complaint, Plaintiff filed the instant request for a temporary restraining order/preliminary injunction seeking to compel the Defendants to permit him extra time in the law library. In response, Defendants state that due to the size of the jail, inmates must go to the library on a schedule that allows for all inmates to have law library time. (Docket Entry No. 9.) As such, Defendants state that Plaintiff is receiving all library time that can reasonably be provided for him, under the circumstances. (Id.)

## II. DISCUSSION

### A. Legal Standard

Injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances." Novartis Consumer Health v. Johnson & Johnson-Merck Consumer Pharms. Co., 290 F.3d 578, 586 (3d Cir. 2002) (quotation and citation omitted). To secure the extraordinary relief of a preliminary injunction or

temporary restraining order, plaintiff must demonstrate that "(1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants; and (4) granting the injunction is in the public interest." Maldonado v. Houston, 157 F.3d 179, 184 (3d Cir. 1998)(as to a preliminary injunction); see also Ballas v. Tedesco, 41 F.Supp.2d 531, 537 (D.N.J. 1999) (as to temporary restraining order).  A plaintiff must establish that all four factors favor preliminary relief. Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187 (3d Cir. 1990).

**B. Analysis**

**1. Likelihood of Success on the Merits**

The party seeking a preliminary injunction must demonstrate a "reasonable probability of eventual success in the litigation." Bennington Foods LLC v. St. Croix Renaissance Group, LLP, 528 F.3d 176, 179 (3d Cir. 2008) (quotation and citation omitted). In evaluating whether a movant has satisfied this first part of the preliminary injunction standard, "[i]t is not necessary that the moving party's right to a final decision after trial be wholly without doubt; rather, the burden is on the party seeking relief to make a prima facie case showing a reasonable probability that it will prevail on the merits." Oburn v. Shapp, 521 F.2d 142, 148 (3d Cir. 1975).

Plaintiff's request for injunctive relief relates solely to his law library time, which appears to be a claim that he is being denied access to the courts in violation of his First and Fourteenth Amendment rights. Courts have recognized different constitutional sources for the right of access to the courts. Principally, the right of access derives from the First Amendment's right to petition and the due process clauses of the Fifth and Fourteenth Amendments.[1] The right of access to the courts requires that "adequate, effective, and meaningful" access must be provided inmates who wish to challenge their criminal charge, conviction, or conditions of confinement. Bounds v. Smith, 430 U.S. 817, 822 (1977). In other words, prison officials must "give prisoners a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the Courts." Id. at 825. "'[T]he touchstone ... is meaningful access to the courts.'" Peterkin v. Jeffes, 855 F.2d 1021, 1037 (3d Cir. 1988) (quoting Bounds, 430 U.S. at 823) (internal quotation omitted).

---

[1] The right of access to the courts is an aspect of the First Amendment right to petition. McDonald v. Smith, 472 U.S. 479, 482 (1985); Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 741 (1983); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). The Supreme Court also found that "[t]he constitutional guarantee of due process of law has as a corollary the requirement that prisoners be afforded access to the courts in order to challenge unlawful convictions and to seek redress for violations of their constitutional rights." Procunier v. Martinez, 416 U.S. 396, 419 (1974), overruled on other grounds, Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989). See also, Hudson v. Palmer, 468 U.S. 517, 523 (1984) ("prisoners have the constitutional right to petition the Government for redress of their grievances, which includes a reasonable right of access to the courts"); Bounds v. Smith, 430 U.S. 817 (1977); Wolff v. McDonnell, 418 U.S. 539, 576 (1974). The right of access to the courts might also arise under the Sixth Amendment's right to counsel; however, under the circumstances of the present case, the Sixth Amendment clearly is not implicated.

5

In <u>Bounds</u>, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." The right of access to the courts is not, however, unlimited. "The tools [that <u>Bounds</u>] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." <u>Lewis v. Casey</u>, 518 U.S. 343, 355 (1996) (emphasis in original). Similarly, a pretrial detainee has a right of access to the courts with respect to legal assistance and participation in one's own defense against pending criminal charges. <u>See</u>, e.g., <u>May v. Sheahan</u>, 226 F.3d 876, 883-84 (7th Cir. 2000); <u>Caldwell v. Hall</u>, 2000 WL 343229 (E.D. Pa. March 31, 2000).

Moreover, a prisoner alleging a violation of his right of access must show that prison officials caused him past or imminent "actual injury" by hindering his efforts to pursue such a claim or defense. <u>See</u> <u>Lewis</u>, 518 U.S. at 348-51, 354-55 (1996); <u>Oliver v. Fauver</u>, 118 F.3d 175, 177-78 (3d Cir. 1997). "He might show, for example, that a complaint he prepared was dismissed for failure to

6

satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable to file even a complaint." Lewis, 518 U.S. at 351.

Here, Plaintiff has not shown a likelihood of success on any claim of denial of access to the courts. By his own admission, Plaintiff is permitted time in the prison library. Moreover, Plaintiff has not shown that prison officials caused him past or imminent "actual injury" by hindering his efforts to pursue such a claim or defense. Rather, he appears to simply be requesting more time and is being denied said time by prison officials. He has not shown any injury and as such, he cannot meet the first prong necessary to obtain a temporary restraining order/preliminary injunction.

## 2. Remaining Factors

Because Plaintiff has not show a likelihood of success with respect to his claim, the Court need not address the remaining factors in connection with its motion. As such, Plaintiff's motion will be denied. American Exp. Travel Related Services Co., Inc. v. Sidamon-Eristoff, 2010 WL 4722209, at *50 (D.N.J. November 13, 2010) (citing Morton v. Beyer, 822 F.2d 364, 371 (3d Cir. 1987)

("[A] failure to show a likelihood of success ... must necessarily result in the denial of a preliminary injunction."))

### III. CONCLUSION

For the above reasons, the Court will deny Plaintiff's request for injunctive relief. An appropriate order follows.


DATED: 6/18/12

                                             s/William J. Martini

                                             WILLIAM J. MARTINI
                                             United States District Judge