UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHARLES WARD,** | Civ. No. 11-6252 (KM) |
| Plaintiff *Pro Se*, | **OPINION** |
| v. | |
| **OSCAR AVILES,** *et al.* | |
| Defendant. | |

## MCNULTY, D.J.:

Plaintiff Charles Ward, appearing pro se, was an inmate at the Hudson County Correctional Center ("the Center") in Kearny, New Jersey. On October 23, 2011, he commenced this 42 U.S.C. § 1983 action against Oscar Aviles, director of the Center, as well as two deputy directors of the Center, named as Mr. Barker and Mr. Eady, seeking (A) injunctive relief, (B) "damages if the ends of justice so require," and (C) an "emergency order [for] time in the facility law library to do research and typing." (Complaint [ECF No. 1] at 6-7). His request for an "emergency order" was denied by District Judge William J. Martini, to whom this case was previously assigned. (*See* Order [ECF No. 17]).

In the Complaint, Ward makes numerous allegations concerning allegedly unacceptable conditions at the Center, ranging from grievance resolution procedures to cleanliness and food quality. He most prominently alleges that he was not given adequate access to the law library at the Center.

On March 26, 2013, I granted Defendants' motion for leave to file a motion for summary judgment. [ECF No. 22]. Defendants' brief and other papers in support of summary judgment, submitted with their motion for leave [ECF 21], were deemed filed as a motion. In the interim, however, Ward had been transferred from the Center (where he was detained pending trial) to South Woods State Prison in Bridgeton, New Jersey (where he was to serve his sentence). [*See* ECF No. 31]. After numerous extensions of time, Ward filed his opposition to the motion. [ECF No. 36]. Defendants submitted a reply, in which they argued that Ward's claims were moot as a result of his transfer to South Woods. [ECF No. 39]

I agree with Defendants that Ward's claims for injunctive relief as to conditions at the Center were mooted by his transfer to South Woods. The doctrine of mootness, however, would not bar claims for compensatory damages, and so I consider them under the standards for summary judgment.

For the reasons expressed herein, I **GRANT IN PART** and **DENY IN PART** Defendants' motion for summary judgment. The sole claim that I do not dismiss here is Ward's claim for damages arising from the alleged denial of access to the law library at the Center.

### LEGAL STANDARDS AND DISCUSSION

#### A. Legal Standard on Motion for Summary Judgment

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. County of Allegheny Pennsylvania*, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof ... the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

If the moving party meets its threshold burden, the opposing party must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *see also* Fed. R. Civ. P. 56(c) (setting forth types of evidence on which nonmoving party must rely to support its assertion that genuine issues of material fact exist). "[U]nsupported allegations ... and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990); *see also Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001) ("A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial.").

The summary judgment standard, however, does not operate in a vacuum. "[I]n ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." *Liberty Lobby*, 477 U.S.at 254 (1986).

## B. Plaintiff's Claims for Injunctive Relief

It is well established that "the federal courts may not decide an issue unless it presents a live case or controversy." *Abdul-Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir. 1993). Case law firmly establishes that "[a]n inmate's transfer from the facility complained of generally moots the equitable and declaratory claims." *Griffin v. Beard*, 401 F. App'x 715, 716 (3d Cir. 2010) (not precedential). In particular, after a prisoner who seeks an injunction pertaining to prison library conditions is released, he "ha[s] no interest" in those conditions, and the injunction he seeks can no longer provide him any meaningful relief. *See Abdul-Akbar*, 4 F.3d at 206; *see also Ghana v. N.J. State Parole Bd.*, 2011 U.S. Dist. LEXIS 91121, *14-16 (D.N.J. Aug. 15, 2011) (Simandle, C.J.).

There is a venerable, narrow exception to this rule for conditions "capable of repetition, yet evading review." *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911). That exception has two requirements: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable likelihood that the same complaining party would be subjected to the same action again." *Abdul-Akbar*, 4 F.3d at 206 (quoting *Weinstein v. Bradford*, 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975); *see also Ghana*, 2011 U.S. Dist. LEXIS 91121 at *14-16.

Here, Ward was transferred from the Center to South Woods on October 22, 2012. [ECF No. 31]. Accordingly, the injunctive relief Ward seeks with respect to conditions at the Center, even if granted, would not benefit him. Further, I see no reason to apply the "capable of repetition" equitable exception. The conditions Ward complains of are not intermittent or evanescent. And because Ward has been transferred to a long-term facility to serve the rest of his sentence, there is no likelihood that he will ever again be affected by conditions at the Center. *Cf. Griffin*, 401 F. App'x at 716; *Ghana, supra.*

It may be objected that the mootness doctrine may deny equitable review of conditions at facilities which generally transfer or release their inmates within a short period. Nevertheless, it is clear that the basic preconditions of equitable relief are lacking here. Ward is an individual plaintiff, not, for example, the representative of a class, and he sues for relief that will not benefit him. I am constrained to dismiss his equitable claims as moot. The motion for summary judgment as to all of Ward's claims for injunctive relief is therefore **GRANTED**.

## C. Plaintiff's Claims for Compensatory Damages

That leaves Ward's claims for compensatory damages. Logically, the same mootness considerations do not apply; if a plaintiff was damaged, and is entitled to compensation, his transfer to a new institution will not vitiate his

claim. Thus the case law is clear that a transfer to a new prison "does not render moot [a] claim for monetary damages." *Griffin,* 401 F. App'x at 717. The issue, then, is whether Ward has asserted any claim for damages that can withstand Defendants' motion for summary judgment.

Plaintiff's prayer for relief asks for "damages if the ends of justice so require." (Complaint at 6). I liberally interpret that somewhat equivocal request to graft a claim for money damages onto the causes of action asserted in the Complaint. The question then becomes whether such a claim for compensatory damages is valid as a matter of law, and whether the evidence submitted to the Court raises a genuine issue of material fact.

### 1. Law library access

Ward may have a Constitutional claim regarding access to the Center's law library, if Defendants' alleged denial of access had the effect of denying Ward's guaranteed access to the courts. *See Lewis v. Casey,* 518 U.S. 343, 351 (1996). Attaches to Ward's Complaint are inmate request forms for additional time in the law library to work on a discovery motion and habeas petition. (Exhs. RQ-A, RQ-B, RQ-C to Complaint [ECF No. 1-3 at p. 41-43]). Also attached is an inmate grievance form complaining of "inadequate access to law library," "insufficient time to type legal papers," and denial of "access to the courts." (Exh. GRV-A to Complaint [ECF No. 1-3 at p. 29]). In his interrogatory responses, too, he describes being turned away from the law library. (*See* Dermody Cert. at Ex. B).

Ward has also suggested, if not established, an actual injury compensable with damages. In his opposition brief, Ward explains that he was unable to file certain court papers, including "a pro-se motion in his criminal case before the Hudson County Superior Court, to address the Prosecution's failure to present exculpatory evidence to the Hudson County Grand Jury ... [T]hat issue has been forever lost to the plaintiff due to his failure to raise the issue before Hudson County Superior Trial Court...[T]he inadequacies in the law library have caused 'actual prejudice with respect to a contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" (Pltf's Opp. Br. at 5-6). Although a brief is not evidence, I view such pro se filings liberally.

These allegations, if properly supported by evidence, might establish the 'actual injury' prong of standing. *Lewis,* 518 U.S. at 351. A prisoner has a right of access to the courts, and has standing to sue for a violation of that right if he can "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* Further, such evidence could support a "direct injury" claim under Section 1983, for which compensatory damages may traditionally be recovered. *Urbano v. McCorkle,* 334 F. Supp. 161, 169 (D.N.J. 1971) ("The direct injury is actionable

per se. A deprivation of a federally protected right usually presents a case in which damages either in money or other remedies may be awarded. Compensatory money damages, especially in the instant case, may not necessarily make a plaintiff whole. As a result, courts have tried to redress plaintiffs' injuries by other awards...").

Defendants, problematically, do not cite any evidence that directly refutes Ward's assertion that he was denied access to the library. Defendant Aviles's certification contains a general statement of policy: "With respect to access to the law library, inmates are granted law library access on a rotating basis by housing location. The inmates know in advance the schedule and sign up to be taken there. They are allowed to use the resources of the law library and they can request copies of materials which will be copied by jail personnel and then taken to the inmates." (Aviles Affidavit, Ex. D to Attorney Cert., at ¶¶3-4). It does not address the actual level of access that Ward received, or the consequences for his court case. Defendants' briefs state, correctly, that the Complaint "does not allege any prejudicial outcome in any ... court." (Def. Br. at 6-7). What the Complaint does do, however, is allege inadequate law library access and attach evidence from which the reader might infer that there was a negative impact on his case. (*See* Exhs. GRV-A, RQ-C to Complaint). And, at least in his briefing, Ward comes out and says it: he lost the opportunity to present at least one claim with respect to the failure to present exculpatory evidence to the grand jury. (Pltf's Opp. Br. at 5-6). The viability, or not, of such a claim has not been briefed.

I have given Ward's *pro se* papers a liberal interpretation. It may not be fair to expect the Defendants to have anticipated, and responded to, this analysis. And even assuming that there is a viable constitutional claim based on inadequate law library access, there are significant barriers to any award of damages: evidence of causation, for one. My denial of Defendants' summary judgment motion as to this claim will therefore be without prejudice. Defendants will be granted leave to file a more focused, properly supported motion for summary judgment as to the claim for compensatory damages based on inadequate law library access. If there is further discovery to be taken under the rules and procedures of this Court, Defendants may choose to delay in renewing their motion.

### 2. Other claims for compensatory damages

Ward's other allegations, construed as claims for damages, are more general in nature. Many are in the nature of general gripes, lacking any specific claim that he suffered compensable harm. As to these, I will grant Defendants' motion for summary judgment.

For example, Ward alleges that the Center's grievance procedure is inadequate, and cites his personal experience with it, but does not say how, if

5

at all, he was harmed in a way that an award of damages could redress. (*See* Attachment to Complaint [ECF No. 1-3] at 7-11). The same is true of his allegations concerning the Center's allegedly substandard rules and regulations. Claims regarding poor ventilation, lack of repairs, lack of recreation, and poor food, too, are general and untethered to any concrete claim of harm. (Ward alleges that some other inmates, not himself, have suffered, *e.g.*, stomach aches from the prison food.) Ward's claims regarding the social worker's alleged ineptitude, dirty linens, lack of supplies, the overpriced commissary, and poor living spaces, are similarly general, and are silent as to any concrete harm to Ward. (*See id.* at 11-24).

### D. Defendants' Additional Arguments that Plaintiff's Action is Barred by Failure to Exhaust Administrative Remedies and/or Qualified Immunity

Defendants assert two other more general defenses, which are not, or at least not currently, suitable for resolution on summary judgment. Of course, as to claims already dismissed, these defenses are moot, or at best, alternative grounds. I will therefore focus on the surviving claim for damages based on inadequate access to the law library.

First, Defendants assert that the Prison Reform Litigation Act (PLRA) "requires proper exhaustion of administrative remedies" and that "Plaintiff's Section 1983 claims should be dismissed, to the extent that he has not exhausted his administrative remedies," (Dfd's Br. at 10). Defendants do not back up these legal conclusions with facts. They fail to state, for example, what Ward needed, but failed, to do. Ward, in contrast, has submitted as exhibits to his complaint several letters to prison officials, grievance forms, and request forms. *See Brown v. Croak*, 312 F.3d 109, 112-113 (3d Cir. 2002)(stating that the PLRA "only requires that prisoners exhaust such administrative remedies 'as are available.'"). Ward's answers to interrogatories also document his attempts to resolve grievances internally. Ward's interrogatory responses will also bear the interpretation that he alleges that prison authorities thwarted or obstructed his efforts to pursue a grievance. *See id.*

Lacking anything specific from Defendants, I cannot grant summary judgment in their favor on this issue. Defendants have the "burden of proving the affirmative defense of failure to exhaust remedies under the [PLRA]." They have not met that burden, particularly in light of Ward's submission of evidence to the contrary. *See id.* at 111. Defendants' motion for summary judgment will be denied as to their claim of failure to exhaust under the PLRA.

Second, Defendants assert that Ward's claims against them are barred by qualified immunity. They contend that "there is no evidence that any of these persons, as supervisors" had knowledge of or acquiesced in conduct that

6

they knew, or should have known, was unconstitutional. (Def. Br. at 11-13).[1] As to law library access in particular, neither the briefs nor the supporting factual submissions as to qualified immunity are well developed. As noted above, this may be attributable, at least in part, to the unclear formulation of the issues.

Having moved for summary judgment on these grounds, Defendants have the burden of demonstrating that they are entitled to the shield of qualified immunity. *See Rouse v. Plantier*, 987 F.Supp. 302, 314-15 (D.N.J. 1997)("Defendants have not sustained their burden of demonstrating that they should not be charged with knowing the legal significance of their conduct."). The plaintiff must simply "com[e] forward with some competent evidence that [the official] engaged in conduct that violated a clearly established federally secured right of the plaintiffs and that was a proximate cause of the alleged injury." *Good*, 891 F.2d at 1097. That is enough to shift the burden of proof to the defendant officials. The issue is "whether the defendant official[s] engaged in the conduct alleged to have violated a clearly established right." *Brown v. Grabowski*, 922 F.2d 1097, 1111 (3d Cir. 1990)(emphasis added); *see also Good v. Dauphin County Social Services*, 891 F. 2d 1087, 1092-1097 (3d Cir. 1989). This requires assessment, in light of the evidence, of "whether the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions." *Brown v. Grabowski*, 922 F.2d 1097, 1109-1110 (3d Cir. 1990) (citing *Mitchel v. Forsyth*, 472 U.S. 511, 528 (1985); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (asking whether there was a violation of a "clearly established statutory or constitutional rights of which a reasonable person would have known."); and *Anderson v. Creighton*, 483 U.S. 635, 640 (1987) ("the contours of the right [allegedly violated] must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.")).

Plaintiff has introduced evidence tending to show a potential violation. In response, Defendants have not been specific. Their involvement with denial of library access, if any, is unexplored. And critically, there is little to no evidence or argument concerning whether they knew or should have known that enforcing the limited library access policy could interfere with a clear constitutional right of access to the courts. It may be that discovery, or affidavits and briefing more specifically tailored to this issue, are required. Thus, on the qualified immunity issue, too, Defendants' motion for summary judgment will be denied, but without prejudice.

---

[1] Defendants seem also to be claiming that they as supervisors had nothing to do with whatever violations may have occurred. That is a distinct point, and it may present a factual issue.

## CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**. The claims for injunctive relief are **DISMISSED WITH PREJUDICE** as moot. The claims for compensatory relief under 42 U.S.C. § 1983, too, will be **DISMISSED**, except for the claims arising out of alleged denial of access to the law library. As to that claim of alleged denial of access to the law library, Defendants' motion for summary judgment is **DENIED WITHOUT PREJUDICE.** An appropriate order follows.

_____
KEVIN MCNULTY
United States District Judge

Date: April 25, 2014