<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES WARD,<br><br>*Plaintiff*,<br><br>v.<br><br>OSCAR AVILES, et al.,<br><br>*Defendants.* | Civil Action No. 11-6252<br><br>OPINION |

This matter comes before the Court by way of Defendants Oscar Aviles, Director of Hudson County Correctional Center ("HCCC"), Deputy Director Barker, and Deputy Director Eady's (collectively, "Defendants") motion for summary judgment. Dkt. No. 63. Plaintiff, appearing pro se, does not oppose the motion.[1] See Dkt. No. 66. There was no oral argument. Fed. R. Civ. P. 78. For the reasons stated below, the motion is **GRANTED**.

**I. BACKGROUND**

Plaintiff Charles Ward was detained at HCCC from June 22, 2011 to October 2, 2012, awaiting trial for aggravated arson. See Statement of Material Facts ¶ 1, Dkt. No. 63-4. Plaintiff was represented by John A. Cardona, Esq., an attorney from the Hudson County Public Defender's Office. Id. ¶ 2. While awaiting trial, Plaintiff commenced this 42 U.S.C. § 1983 action against Oscar Aviles, director of HCCC, and two deputy directors of HCCC, named as Mr. Barker and

---

[1] Defendants' brief was sent to Plaintiff's last known address of "GEO Reentry Services," 224 Sussex Ave., Newark N.J., which he had provided the Court after his release from prison. Dkt. No. 62. Apparently, Plaintiff was subsequently released because the mail was returned as undeliverable. Plaintiff never advised the Court of his new address, although he was certainly aware of the pending motion because on November 22, 2015 he requested an extension of time to respond to it. Dkt. No. 64.

1

Mr. Eady, seeking injunctive relief, monetary damages, and a temporary restraining order giving him extra time in the facility's law library to do research and typing. Compl., Dkt. No. 1.

While detained pretrial at HCCC, Plaintiff was allowed to visit the law library in accordance with HCCC policy. Statement of Material Facts ¶ 6. HCCC records indicate he visited the library twelve times, and was given extra time on at least one occasion. Id. ¶ 7. Plaintiff filed grievances regarding the law library's inadequacy in September 2011, October 2011, January 2012, and March 2012. Id. ¶¶ 11-12. HCCC records also show he filed "Inmate Request Forms" for additional library access seven times between September and December 2011. Id. ¶ 12. Plaintiff claims he requested additional library access eighteen times between September 21, 2011 and May 9, 2012 but was either ignored or denied. Pl.'s Second Interrog. Resp. at No. 5.

As a result of these denials, Plaintiff alleges he was unable to file a pro se motion in his criminal case to address the prosecutor's failure to present exculpatory evidence to the Hudson County Grand Jury. See Statement of Material Facts ¶¶ 8-10; Summ. J. Op. at 4, Dkt. No. 40. He also states that he was unable to research (1) bail and habeas procedures, (2) probation violation and warrant issuance procedures, (3) Supreme Court decisions regarding "written notice of the charges" and due process violations, (4) pre-trial procedure including the prosecutor's duty to present exculpatory evidence to a grand jury, and (5) the crimes of arson and aggravated arson, and related sentencing statutes. Pl.'s Second Interrog. Resp. at No. 7.

On June 18, 2012, the Court denied Plaintiff's request for a temporary restraining order for additional time to use the law library. Dkt. Nos. 16, 17. On June 26, Plaintiff pled guilty in state court to the pending aggravated arson charge. Statement of Material Facts ¶ 3.

On April 25, 2014, the Court granted in part and denied in part Defendants' motion for summary judgment, preserving only Plaintiff's claim for monetary damages arising from the

alleged inadequate law library access. Dkt. Nos. 40, 41. On November 13, 2015, Defendants filed the instant motion for summary judgment. Dkt. No. 63. Plaintiff requested an extension of time to respond, which was granted. Dkt. No. 65. He never filed any opposition.

## II. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 56(c), a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[S]ummary judgment may be granted only if there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party." Miller v. Ind. Hosp., 843 F.2d 139, 143 (3d Cir. 1988). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." Anderson, 477 U.S. at 252. A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." Id. at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. All facts and inferences must be construed in the light most favorable to the non-moving party. Peters v. Del. River Port Auth., 16 F.3d 1346, 1349 (3d Cir. 1994).

## III. ANALYSIS

Plaintiff's constitutional right of access to the courts has not been violated. It is undisputed that he was represented by counsel. In addition, even if he were not represented by counsel, Plaintiff has failed to demonstrate "actual injury." Finally, Plaintiff is barred from bringing a Section 1983 suit for damages under Heck v. Humphrey's favorable termination rule. 512 U.S.

3

477 (1994). Accordingly, Defendants are entitled to summary judgment on his access to the courts claim.

Prisoners maintain a "fundamental constitutional right of access to the courts," embodied in the First and Fourteenth Amendments. Lewis v. Casey, 518 U.S. 343, 346 (1996) (quoting Bounds v. Smith, 430 U.S. 817, 828 (1977)). Similarly, a pretrial detainee has a right of access to the courts with respect to legal assistance and participation in preparing a defense against pending criminal charges. See, e.g., Prater v. City of Phila., 542 F. App'x 135, 136-37 (3d Cir. 2013); May v. Sheahan, 226 F.3d 876, 883-84 (7th Cir. 2000). Meaningful access to the courts is the touchstone, there is no "abstract, freestanding right to a law library or legal assistance." Lewis, 518 U.S. at 351. To prove a denial of meaningful access to the courts, Plaintiff must demonstrate (1) "'actual injury,' such as the loss or rejection of a legal claim"; and (2) that the lost or rejected legal claim is not frivolous. Saunders v. Phila. Dist. Attorney's Office, 546 F. App'x 68, 72 (3d Cir. 2013) (quoting Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir. 1997), and citing Monroe v. Beard, 536 F.3d 198, 205 (3rd Cir. 2008)).

### A. Plaintiff Was Represented By Counsel

It is well established that "the provision of lawyers is one means by which a state may provide prisoners with meaningful access to courts." Peterkin v. Jeffes, 855 F.2d 1021, 1042 (3d Cir. 1988). When a pretrial detainee is represented by counsel, his "inability to access the library as much as he would have liked does not state an access-to-courts claim because appointment of counsel is sufficient to provide a pretrial detainee with 'meaningful access to courts.'" Prater, 542 F. App'x at 137 n.4 (quoting Peterkin, 855 F.2d at 1042, and citing Bourdon v. Loughren, 386 F.3d 88, 98 (2d Cir. 2004)); see also United States v. Byrd, 208 F.3d 592, 593 (7th Cir. 2000) (holding that a pretrial detainee does not have a right to access a law library when he has been

offered, but refused, legal help through appointed counsel). For example, in Prater, a former pretrial detainee filed a Section 1983 action alleging denial of access to the prison law library during an approximately two-year period preceding trial. During this time, Plaintiff was represented by counsel and appears to have accessed the law library four to six times per month, but claims he was denied access to his attorney for more than a year and was subject to continuous prison lockdowns that prevented him from accessing the library or making legal phone calls between 7 a.m. and 3 p.m. In rejecting his claim, the Third Circuit held that he failed to show "actual injury," and "even accepting [his] allegations about the attorney contact as true, the dispute [did] not raise a genuine issue for trial," id. at 137 n.3, because "appointment of counsel is sufficient to provide a pretrial detainee with meaningful access to the courts," id. at 137 n.4.

Likewise, in Martucci v. Johnson, a former pretrial detainee filed a Section 1983 action alleging denial of access to the courts. 944 F.2d 291 (6th Cir. 1991). Although the jail did not have a law library, the Sixth Circuit affirmed the dismissal of his access to the courts claim because the jail officials provided legal materials to inmates "upon request," and plaintiff had been represented by appointed counsel. Id. at 295. The court emphasized, "[a] prisoner's constitutionally-guaranteed right of access to the courts [is] protected when a state provides that prisoner with either the legal tools necessary to defend himself, e.g., a state-provided law library, *or the assistance of legally trained personnel.*" Id. (citations omitted); see also Demeter v. Buskirk, 2003 WL 22416045, at *3 (E.D. Pa. Oct. 20, 2003) ("[T]he fact that [a pretrial detainee] was represented by, and had access to, legal counsel in connection with his criminal case precludes a finding of actual injury based on Plaintiff's restricted access to the Prison law library."); Russell v. Hendrick, 376 F. Supp. 158, 160 (E.D. Pa. 1974) ("If a prisoner has reasonable access to legal counsel then he has the means to prepare, serve and file whatever documents are necessary."); cf.

5

Thorpe v. Little, 804 F. Supp. 2d. 174, 182 (D. Del. 2011) ("Where an inmate is represented by counsel, his right of access to the courts is satisfied as a matter of law.") (citing Lamp v. Iowa, 122 F.3d 1100, 1106 (8th Cir. 1997)).

In this case, Plaintiff was not denied meaningful access to the courts because it is undisputed that he was represented by counsel, John A. Cardona. Statement of Material Facts ¶ 2, 4. Plaintiff states in his interrogatory that Mr. Cardona was his "attorney in the criminal case," and that "Plaintiff was represented by John Cardona of the Hudson County Public Defenders' office [during] the grand jury stage." Pl.'s Second Interrog. Resp. at Nos. 4, 13. In addition, Mr. Cardona wrote to HCCC on Plaintiff's behalf to request additional law library access. Id. at Nos. 5, 13. Plaintiff does not argue that he lacked access to counsel at any relevant stage in the state court proceedings. Accordingly, because Plaintiff was represented by an attorney, his constitutional right of access to the courts has not been impinged, and he cannot recover compensatory damages under 42 U.S.C. § 1983 based on inadequate law library access.

### B. Plaintiff Cannot Demonstrate Actual Injury

In addition to having the assistance of legal counsel, Plaintiff is unable to show he suffered the actual injury requisite to an access-to-the-courts claim. First, the injury alleged would not have altered the outcome of the criminal case. Second, Plaintiff ultimately pled guilty to the underlying charge.

1. Inability to Present Exculpatory Evidence

Plaintiff's core claim is that inadequate law library access prevented him from filing a motion to compel the presentation of exculpatory evidence to the grand jury as required by State

v. Hogan, 144 N.J. 216 (1996).² See Pl.'s Second Interrog. Resp. at No. 9. However, the evidence is not exculpatory, so Plaintiff cannot show actual injury here.

To trigger Hogan, evidence "must directly negate guilt and must also be clearly exculpatory." Hogan, 144 N.J. at 237. Plaintiff claims that certain statements are exculpatory because they show he did not intend to kill or injure anyone. See Pl.'s Second Interrog. Resp. at No. 9; Statement of Ricardo Lopez, Ex. G, Dkt. No. 63-3. But aggravated arson does not require intent to kill or injure. It merely requires that a person "starts a fire or causes an explosion, whether on his own property or another's . . . (2) With the purpose of destroying a building or structure of another." N.J. Stat. Ann. § 2C:17-1 (West 2015). Here, the supposedly exculpatory statement is unrelated to any of those elements so the prosecutor was not obligated to present it to the grand jury.

Accordingly, Plaintiff's alleged inability to file a motion requesting that the statement be presented does not amount to a denial of access to the courts. The hypothetical motion is meritless, and its absence did not cause actual injury.

2. Plaintiff's Guilty Plea

Second, Plaintiff cannot demonstrate he suffered actual injury because he pled guilty to the underlying charge with the assistance of counsel. See Statement of Material Facts ¶¶ 1-4. Courts have found that entering a guilty plea, with the assistance of counsel, precludes pretrial detainees from later claiming they were denied meaningful access to the courts. For example, in Carr v. Tousley, a pretrial detainee pled guilty to murder and subsequently sued, alleging denial of access

---

² The Court, in its opinion ruling on Defendants' first motion for summary judgment, Dkt. No. 21, was particularly sensitive to the possibility that Plaintiff was unable to file "a pro-se motion in his criminal case before the Hudson County Superior Court, to address the Prosecution's failure to present exculpatory evidence to the Hudson County Grand Jury," and that perhaps the "issue has been forever lost to the plaintiff due to his failure to raise the issue . . . ." Summ. J. Op. at 4.

7

to the courts, among other claims. 2009 WL 1514661 (D. Idaho May 27, 2009). The court rejected the access to the courts claim for failure to prove actual injury, stating that the "[p]laintiff cannot complain of an injury based on inadequate legal resources because he was represented when he pled guilty . . . ." Id. at *34. Similarly, in Reid v. Seville, a prisoner was deprived of certain legal papers while defending against criminal charges to which he ultimately pled guilty. 1996 WL 421901 (E.D. Pa. July 19, 1996). His access to the courts claim was dismissed because "[h]e was represented by appointed counsel during the period prior to the plea and at the plea proceeding," and thus "[h]e cannot reasonably assert that his ability to [plead guilty] voluntarily was influenced or affected by missing or detained documents." Id. at *6.

Here, Plaintiff pled guilty to the underlying charge with the assistance of counsel. He was represented from pretrial through sentencing. Statement of Material Facts ¶¶ 1-4; Pl.'s Second Interrog. Resp. at Nos. 2-4, 13. There is no evidence in the record that his ability to enter a knowing and voluntary guilty plea was impaired.[3] As a result, he cannot now reasonably claim he suffered an actual injury amounting to denial of meaningful access to the courts.

### C. Plaintiff's Claim Is Barred By The Favorable Termination Rule

Finally, the instant lawsuit is also barred by the favorable termination rule. The rule states that a Section 1983 suit for damages that would "'necessarily imply' the invalidity of the fact of an inmate's conviction," or the "invalidity of the length of an inmate's sentence," is not cognizable under Section 1983 unless the inmate obtains favorable termination of a state, or federal habeas, challenge to his conviction or sentence. Nelson v. Campbell, 541 U.S. 637, 646 (2004) (quoting

---

[3] Plaintiff specifically states that he "is not asserting ineffective assistance of counsel." Pl.'s Second Interrog. Resp. at No. 10.

Heck v. Humphrey, 512 U.S. 477, 487 (1994)).[4]  For example, in Nance v. Vieregge, an Illinois state prisoner brought an action alleging denial of access to the courts after prison officials lost a box containing litigation-related documents.  147 F.3d 589 (7th Cir. 1998).  In affirming the district court's dismissal of the case, the Seventh Circuit emphasized the role that remedy plays in determining the applicability of Heck.  The court explained that the holding of Lewis, which requires that an access to the courts claim be supported by "proof of concrete injury," combined with the holding of Heck, means "a prisoner in Nance's position must have the judgment annulled before damages are available . . . ."  Id. at 591.

Plaintiff's case, if successful, would likewise imply that his conviction for aggravated arson is invalid; if it did not imply invalidity, then he has not suffered actual injury.  Plaintiff has not invalidated his conviction or sentence.  Thus, he cannot now proceed on a claim for damages.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment, Dkt. No. 63, is **GRANTED.**  An appropriate order accompanies this opinion.

Date: April 13, 2016                                    */s Madeline Cox Arleo*
                                                          **MADELINE COX ARLEO**
                                                          **UNITED STATES DISTRICT JUDGE**

---

[4] In the Third Circuit, Heck "impose[s] a universal favorable termination requirement on all § 1983 plaintiffs attacking the validity of their conviction or sentence."  Deemer v. Beard, 557 F. App'x 162, 166 (3d Cir. 2014).

9